## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIAN RENARD TENSLEY, | : | CIVIL NO: 3:13-CV-03088 |
| Petitioner | : | |
| | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| J. THOMAS, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

The petitioner, Darian Renard Tensley, is a federal prisoner at the United States Penitentiary at Lewisburg.   He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement.   In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to Section 2241 habeas cases, *see* Rule 1(b), we review the petition to determine whether it plainly appears from the petition that the petitioner is not entitled to relief.   Because Tensley's claims are not cognizable in a habeas corpus case, we recommend that the petition be dismissed for lack of subject-matter jurisdiction.

## II. Discussion.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.   "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

"Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good time credits." *Pappas v. Allenwood*, 13-3608, 2013 WL 6439655 at *1 (3d Cir. Dec. 10, 2013).   Habeas corpus is also available to a federal prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 243 (3d Cir. 2005)(finding petition reviewable under 2241 based upon the Bureau of Prisons' refusal to carry out the court's specific sentencing recommendation).   In order to challenge the execution of his sentence under Section 2241, however, a federal

2

prisoner must allege that the Bureau of Prisons' "conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe,* 681 F.3d 533, 537 (3d Cir. 2012)(holding that claim that transfer to SMU was done in retaliation for legal actions and was not proper under the Bureau of Prisons' Program Statement could not be brought as a habeas corpus claim under Section 2241).

In this case, Tensley is challenging the conditions of his confinement and the use of force against him.   He is not challenging the loss of good time credits,[1] and he is not challenging the very fact or duration of his physical imprisonment.   Thus, Tensley's claims are not within the scope of habeas corpus.[2]

## III.   Recommendation.

Because Tensley has not presented a claim which is cognizable as a habeas corpus claim, it is recommended that the petition for a writ of habeas corpus be

---

[1]  In the relief section of his petition, in addition to requesting compensatory and punitive damages, Tensley requests that the "incident" be expunged from his record. But he does not allege that he lost good time credits, and he does not challenge any disciplinary proceedings.

[2]  Although we make no determination as to the merits of any such claims, we note that Tensley's claims may be cognizable as *Bivens* claims. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

dismissed for lack of subject-matter jurisdiction without prejudice to Tensley filing a

*Bivens* action.   It is further recommended that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of January, 2014.

<u>**S/Susan E. Schwab**</u>
Susan E. Schwab
United States Magistrate Judge